**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ETHAN GUESS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-08-121-F |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a federal prisoner appearing pro se, brings this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1] Pursuant to an order by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(3).

Plaintiff has filed a proper request directed to the Clerk of Court, requesting him to enter default against Defendant J. Scibana for failure to plead. [Doc. No. 12]. He has also filed a request for entry of default judgment and included an affidavit supporting request for a sum certain in the amount of $5000. [Doc. No. 14]; <u>see</u> Fed.R.Civ.P 55(b)(1). However,

---

[1] Although Plaintiff has filed the Complaint on a form intended for prisoners' civil rights actions brought pursuant to 42 U.S.C. § 1983, Plaintiff's action is against various employees of the FCI-El Reno, and thus the cause of action is liberally construed to assert a claim under <u>Bivens</u>. <u>See e.g. Simmat v. U.S. Bureau of Prisons</u>, 413 F.3d 1225, 1231 (10th Cir. 2005) ("<u>Bivens</u> was a landmark decision holding that plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983.") Plaintiff seems to recognize this and has also alleged jurisdiction under <u>Bivens</u>.

in this particular case in the interest of efficiency and in order to keep the proceedings moving forward, the undersigned rather than the Clerk of Court will address Plaintiff's request.

Plaintiff has filed a brief affidavit stating that Defendant Scibana was served with a copy of the Complaint and that thirty days have elapsed since the date of service. [Doc. No. 12, Att. 1]. He has attached a copy of a summons directed to "Deputy Warden, name unknown, at FCI El Reno" and a copy of a certified mail receipt showing the article addressed to "J. Scibana," and delivered on April 18, 2008, to "G.Ford," agent. [Doc. No. 12, Att. 2, 3].

It is recommended that Plaintiff's request be denied.  First, Plaintiff fails to note that the United States and its officers have sixty days to answer or otherwise plead once service is accomplished.  Fed.R.Civ.P. 12(a)(2) and (3).  Thus, assuming valid service, the time to answer had not yet expired at the time Plaintiff's request was filed.  Second, the proof is of service on "Deputy Warden, name unknown," and other than the mail receipt, Defendant Scibana's name does not appear on either the summons or on the Complaint. [Doc. Nos.  1, 12]. Third, Fed.R.Civ.P. 4(i)(2) and (3) provides that valid service on an officer or employee of the United States requires service on both the employee and the United States itself, and Plaintiff has failed to show compliance with the special service requirements applicable to the United States.  See Fed.R.Civ.P. 4(i)(1). Thus, Plaintiff has failed to show valid service on Defendant Scibana that would start the time to serve a responsive pleading.  Accordingly, the undersigned finds that the request  for entry of default and default judgment should be

denied as Plaintiff has failed to show that Defendant Scibana is in default.[2] Griffin v. Suthers No. 05-1092, 2005 WL 3131704, *4 (10th Cir. Nov. 25, 2005),[3] cert. denied, 127 S. Ct. 73 (2006) (decisions to enter judgment by default are committed to the district court's sound discretion). However, because of Plaintiff's pro se status and the complex requirements of multiple service under Rule 4(i), Plaintiff will be granted an extension of time in which to perfect service, conforming his praecipe for service with the requirements of Rule 4(i). See Fed.R.Civ.P. 4(m) (if service is not made within 120 days of the filing of the complaint, court may direct that service be effected within a specified time). See also Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995) (complex nature of the requirements of Fed.R.Civ.P. 4(i), particularly when the plaintiff is proceeding pro se, should be a factor for the district court's consideration when it determines whether a permissive extension of time should be granted under Rule 4(m)). Accordingly, Petitioner is granted a permissive extension to effect service, giving him until August 1, 2008, to effect service.

The undersigned further notes that Plaintiff has filed a motion for leave to file an amended complaint, naming Defendant Scibana. [Doc. No. 11]. Plaintiff has attached an "Amended Complaint" which contains only the one paragraph naming Defendant Scibana. Under Fed.R.Civ.P. 15(a)(1), Plaintiff may amend his complaint once as a matter of course before being served with a responsive pleading. Thus, leave of Court is not required.

---

[2] Moreover, Fed.R.Civ.P 55(d) provides that a judgment for default can only be entered against the United States or its employees if the claimant establishes a claim or right to relief "by evidence that satisfies the court."

[3] Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

However, for case management reasons, the undersigned directs Plaintiff to file a complete First Amended Complaint that contains all of the allegations as well as the change he references in his motion.

## **RECOMMENDATION**

Therefore, it is recommended that Plaintiff's request for entry of default and default judgment [Doc. Nos. 12, 14] be denied. Plaintiff is hereby granted an extension of time up until August 1, 2008, in which to effect service on the Defendants herein. Finally, Plaintiff is directed to file one document comprising his First Amended Complaint, and shall do so within 20 days of this Report and Recommendation. Plaintiff is advised of his right to file an objection to this Report and Recommendation and an appeal of the orders contained herein, with the Clerk of this Court by July 10, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 20th day of June, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE